**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Jason Carter, | : | Case No. 4:09cv2262 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Bennie Kelly, Warden, | : | |
| Respondent. | : | |

Pursuant to 72.2(b)(2) of the UNITED STATE DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES, this case was automatically referred to the undersigned Magistrate Judge for report and recommendation. Pending are the Petition for Writ of Habeas Corpus pursuant to 28 U. S. C. § 2254, Respondent's Return of Writ, Petitioner's Traverse to Return of Writ and Petitioner's Motion for Abeyance Order (Docket Nos. 1, 7, 10 & 11). For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and deny the Motion for Abeyance Order.

**I. FACTUAL BACKGROUND**

A. **STATE CONVICTION.**

Petitioner was indicted by the 2006 Term of the Mahoning County, Ohio, Grand Jury on one

count of murder in violation of OHIO REV. CODE §2903.02(A), (D), for purposely causing the death of Jamie White (Docket No. 7, Exhibit 2, p. 1 of 119).  On March 21, 2006, Petitioner entered a plea of not guilty to the charges in the indictment (Docket No. 7, Exhibit 2, p. 2 of 119).  On June 28, 2006, Petitioner executed a waiver of right to speedy trial and requested a ninety-day continuance, rescheduling the trial (Docket No. 7, Exhibit 2, p. 3 of 119).  The trial court granted the motion (Docket No. 7, Exhibit 2, p. 4 of 119).  On November 17, 2006, a jury returned the verdict finding Petitioner guilty of the crime of murder (Docket No. 1, Exhibit 2, pp. 5, 7 of 119).  On November 21, 2006, Petitioner was sentenced to serve a term of fifteen years to life in prison (Docket No. 7, Exhibit 2, p. 8 of 119).

B.     **DIRECT APPEAL**

Petitioner filed an appeal in the Seventh District Court of Appeals, Mahoning County, on December 4, 2006 (Docket No. 7, Exhibit 2, p. 10 of 119).  In his brief, Petitioner presented five assignments of error:

(1)    The trial court erred to the prejudice of Petitioner and violated his statutory and constitutional rights to a speedy trial by denying his motion to dismiss due to expiration of speedy trial for appellee's failure to bring Petitioner to trial within the period specified in OHIO REV. CODE § 2945.71.
(2)    The trial court committed plain error when it permitted appellee to use evidence of Petitioner's post-*Miranda* silence in its case-in chief and summation contrary to the Fifth, Sixth, and Fourteenth amendments to the United States Constitution and Sections 10 and 16, Article I.
(3)    Instances of prosecutorial misconduct throughout the course of Petitioner's criminal trial deprived him of his right to a fair trial.
(4)    The Petitioner was denied effective assistance of counsel as guaranteed by the sixth amendment to the United States Constitution when Petitioner's trial counsel failed to object to the appellee's use of Petitioner's post-*Miranda* silence as evidence of guilt and for failing to object to numerous instances of prosecutorial misconduct.
(5)    The trial court denied Petitioner due process under the Fourteenth Amendment due to the fact his conviction for murder was against the manifest weight of the evidence and the jury's verdict was inconsistent with the evidence and testimony presented at trial.

(Docket No. 7, Exhibit 2, pp. 12-44 of 119).

The State's brief filed on June 12, 2008 alleged that:

(1) Petitioner was brought to trial in a timely manner.
(2) Petitioner was never silent post-*Miranda* and the government did not use and could not use any post-*Miranda* silence against him.
(3) The prosecution conducted itself professionally and even if he did not, any jury would have found Petitioner guilty.
(4) Petitioner's trial counsel conducted himself professionally and even if he had not, any jury would have found him guilty.
(5) The manifest weight of the evidence supported the jury's verdict

(Exhibit 7, Exhibit 2, pp. 48-66 of 119).

On February 27, 2009, the Court of Appeals affirmed the judgment of the trial court, denied each assignment of error and made these findings of fact:

> On January 1, 2006, the slain body of Jamie White (White) was discovered along Salt Springs Road in Youngstown, Ohio.  On December 31, 2005, both Carter and White attended a New Year's Eve party on Midlothian Boulevard in Youngstown at the home of Michele Mattison (Michele), Carter's stepmother.  At some point prior to midnight both Carter and White left the party.  White was never again seen alive. The police soon focused their investigation on Carter, White's boyfriend, and arrested him in connection with White's death on March 10, 2006.

*State v. Carter*, 2009 WL 501176, *1 (2009); (Docket No. 7, Exhibit 2, p. 66 of 119).

### C.     APPEAL TO THE SUPREME COURT OF OHIO.

Petitioner filed a timely notice of appeal in the Ohio Supreme Court on April 10, 2009 (Docket No. 7, Exhibit 2, p. 95 of 119).  In his memorandum in support of jurisdiction, Petitioner presented the following propositions of law:

(1) The trial court and the Seventh District Court of Appeals erred to the prejudice of Petitioner and violated his statutory and constitutional rights to a speedy trial by denying his motion to dismiss due to expiration of speedy trial and the State's failure to bring Petitioner to trial within the period specified in OHIO REV. CODE § 2945.71.
(2) The trial court and the Seventh District Court of Appeals committed plain error when it permitted the State to use evidence of Petitioner's post-*Miranda* silence in its case in chief and summation contrary to the Fifth, Sixth, and Fourteenth amendments to

        the United States Constitution and Ohio Const. art. I, §§ 10 and 16..

(3).    Instances of prosecutorial misconduct throughout the course of Petitioner's criminal trial deprived him of his right to a fair trial.

(4)    Petitioner was denied effective assistance of counsel as guaranteed by the Sixth Amendment's to the United States Constitution when Petitioner's trial counsel failed to object to the State's use of Petitioner's post-*Miranda* silence as evidence of guilt and for failing to object to numerous instances of prosecutorial misconduct.

(5)    The trial court and the Seventh District Court of Appeals denied Petitioner due process under the Fourteenth Amendment due to the fact his conviction for murder was against the manifest weight of the evidence and the jury's verdict was inconsistent with the evidence and testimony presented at trial.

(Docket No. 7, Exhibit 2, pp. 95-99 of 119).

The State of Ohio waived its memorandum in response on April 27, 2009 (Docket No. 7, Exhibit 2, p. 118 of 119). On July 1, 2006, Chief Justice Thomas J. Moyer declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question (Docket No. 7, Exhibit 2, p. 119 of 119).

**D.**    **FEDERAL HABEAS CORPUS.**

Petitioner filed a Petition Under 28 U. S. C. § 2254 for Writ of Habeas Corpus in this Court on September 21, 2009. He asserts the following grounds for relief:

(1)    Ineffective assistance of court appointed counsel.
   a.    Counsel was unprepared for the trial.
   b.    Counsel did not listen to any of Petitioner's suggestions regarding retrieving evidence.
   c.    Counsel went along with whatever the state said.

(2)    Lack of evidence.
   a.    There was no physical evidence at the crime scene or on the victim that can be linked to Petitioner.
   b.    The van in which the state claims the murder occurred was not owned by Petitioner at the time (of the murder) and the owner admitted that on tape.

(3)    Withholding evidence.
   a.    There is a video tape of the owner of the van saying he is and was the only one with keys to his van and on the night of the murder I did not have this van.
   b.    There is the title of the van and a restraining order that was not admitted into evidence.

(Docket No. 1, pp. 4-5 of 6).

## II. MOTION FOR ABEYANCE AND REMAND TO STATE COURT.

Before addressing the merits of the Petition for Writ of Habeas Corpus, the Magistrate addresses a request that this Court hold the Petition in abeyance while Petitioner returns to state court for re-sentencing on the issue of imposing post-release control.

A court has the discretion to grant a stay and hold the federal proceedings in abeyance pending the exhaustion of the still unexhausted claims of a habeas petition if the petition also contains exhausted claims, i.e., a mixed petition. *Hopings v. Kelly*, 2009 WL 484059, *1 (N. D. Ohio 2009) (*see Rhines v. Weber*, 125 S. Ct. 1528 (2005)). State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *Id.* (*see* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 102 S. Ct. 1198 (1982)).

The Court may only issue an order to stay and hold a petition in abeyance if the petition is a mixed petition, i.e., a petition that contains grounds for relief that are exhausted and unexhausted. *Id.* A claim is unexhausted only if state remedies remain available to the petitioner for that specific claim. *Id.* A claim is exhausted "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." (*citing Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).

In the instant case, Petitioner does not request a remand to the state court for purposes of exhausting an unexhausted claim. He requests that the case be remanded so that he can pursue a new claim that has never been presented to the state court. Because granting a stay would effectively excuse Petitioner's failure to present his claims first to the state courts, stay and abeyance is not appropriate as Petitioner has not persuaded the Court that there was good cause for his failure

5

to exhaust this claim first in state court. The Magistrate recommends therefore that the Court deny the Motion for Abeyance and proceed to address the merits of the Petition for Writ of Habeas Corpus.

### III. HABEAS CORPUS STANDARD OF REVIEW.

Under the AEDPA, a federal court may not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," *Thompson v. Bell,* 580 F.3d 423, 433(6th Cir. 2009) (*citing* 28 U.S.C. § 2254(d)(1), or (2) the state court's decision "was based on an unreasonable application of the facts in light of the evidence presented in the State court proceedings." *Id.* at 433-434 (*citing* 28 U. S. C. § 2254(d)(2)). A state court's decision is "contrary to" clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* (*citing Williams v. Taylor,* 120 S. Ct. 1495, 1523 (2000)). An "unreasonable application" occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court decision unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (*citing Williams*, 1207 S. Ct. at 1522). Rather, the state court decision must be an "objectively unreasonable" application of federal law to be reversed. *Id.* (*citing Williams*, 120 S. Ct. at 1521).

### IV. PETITION FOR WRIT-IN CUSTODY STANDARD.

6

A district court shall only direct a writ of habeas corpus of a person in custody pursuant to a judgment of state law if he or she is in custody in violation of the Constitution or laws or treaties of the United State. *Watson v. Ohio,* 2010 WL 2730929, *2 (N. D. Ohio 2010) (*citing* 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1129 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Id*. at 1129. For prisoners, the warden of the facility in which they are held is the proper custodian. *Id.* (*See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained).

At the time he filed the Petition, Petitioner was incarcerated at Trumbull Correctional Institution in Leavittsburg, Ohio. Accordingly, he is in custody within the meaning of 28 U. S. C. § 2254.

Petitioner's custodian is the warden at Trumbull Correctional Institution. The warden has accepted service of process. Accordingly, this Court has personal jurisdiction over Respondent.

Further, Petitioner alleges that he is incarcerated pursuant to violations of the Sixth and Fourteenth Amendments. This Court has jurisdiction to issue a writ of habeas corpus.

### V. ANALYSIS OF PETITIONER'S HABEAS CLAIMS.

Petitioner claims that in addition to the lack of physical evidence, his conviction was facilitated by an unprepared defense counsel and an overzealous prosecutor. Respondent argues that even if these claims are meritorious, they are barred from habeas review as they were procedurally

7

defaulted.

**A.     PROCEDURAL DEFAULT STANDARD.**

Failure to present a constitutional claim to the state court is a circumstance that typically precludes federal habeas review. *Cvijetinovic v. Eberlin*, 617 F.3d 833, 836 (6th Cir. 2010) (*see Rust v. Zent*, 17 F. 3d 155, 160 (6th Cir. 1994) ("If a habeas corpus petitioner is barred from presenting one or more of his claims to the state courts because of procedural default, he has waived those claims for purposes of federal habeas corpus review . . . ")).  However, "[w]hen a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto . . . ' " *Id.* at 836-837 (*citing Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir. 2005) (*quoting Murray v. Carrier*, 106 S. Ct. 2639, 2643 (1986)); *see also Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009) ("A defendant can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it.")).

**1.     THE MAUPIN TEST**.

In determining whether a state court has addressed the merits of a petitioner's claim, federal courts will presume that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Hamilton v. Gansheimer*, 536 F. Supp.2d 825, 840 (N. D. Ohio 2008) (*citing Coleman v. Thompson*, 111 S. Ct. 2546, 2557 (1991)).  Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Id*. (*citing Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986)).  Under the *Maupin* test, a reviewing court must decide:  (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the state procedural sanction; (3) whether the state procedural bar is an "adequate and independent" state

8

ground on which the state can foreclose federal review; and (4) if the above is met, whether the petitioner has demonstrated "cause" and "prejudice." *Id*. (*citing Maupin*, 785 F.2d at 138). As set forth in the last factor of the Maupin test, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Id*. (*citing Coleman*, 111 S. Ct. at 2565). "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Id*. (*citing Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 109 S. Ct. 2070 (1989)). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Id*. (*citing Smith v. Murray*, 106 S. Ct. 2661 (1986)).

### 2. THE MAUPIN TEST APPLIED TO PETITIONER'S SECOND AND THIRD CLAIMS.

Invoking the *Maupin* test as it applies to Petitioner's second and third claims, the first three prongs for procedural default are met. It is well established under Ohio law that under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was not raised or could have been raised by the defendant at the trial that resulted in that conviction, or an appeal from that judgment. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Petitioner failed to fairly present his claims that counsel was ineffective because he was not prepared for trial and counsel did not listen to Petitioner's suggestions that there was a lack of evidence and the prosecutor withheld evidence. The failure to comply with this doctrine satisfies the first factor of the *Maupin* Test.

The Sixth Circuit determined in *Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008), that Ohio's application of res judicata rules in an actually enforced, adequate and independent state ground upon which the Ohio state courts consistently refuse to review the merits of a defendant's claims. Thus, Petitioner met the second and third factors of the *Maupin* paradigm. Thus, Petitioner's claims are procedurally defaulted.

    **3.**  **HAS PETITIONER DEMONSTRATED "CAUSE" FOR THE DEFAULT?**

In his Traverse, Petitioner argues the truthfulness of the facts, particularly as they pertain to the van. He does not explain that he was actually prejudiced as a result of an alleged violation of federal law. Neither does he proffer new evidence critical to the proof that he did not murder Ms. White. Since Petitioner has not shown cause for the default or actual prejudice, there is no evidence in the record that persuades the Magistrate to excuse the default.

**B.**  **EXHAUSTION.**

A state prisoner must exhaust his state remedies before bringing his claim in a federal habeas corpus proceeding. *Drummond v. Houk,* 2010 WL 5464172, *13 (N. D. Ohio 2010) (*citing* 28 U.S.C. § 2254(b), (c); *see Rose v. Lundy*, 102 S. Ct. 1198, 1205 (1982)). Exhaustion is fulfilled once a convicted defendant seeks review of his or her claims on the merits from a state supreme court. *Id.* (*citing O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999)). A habeas petitioner satisfies the exhaustion requirement when the highest court in the state in which the petitioner has been convicted has had a full and fair opportunity to rule on the claims. *Id.* (*citing Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *citing Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)). If, under state law, there remains a remedy that a petitioner has not yet pursued, exhaustion has not occurred, and the federal habeas court cannot entertain the merits of the claim. *Id.*

A petitioner " 'cannot obtain federal habeas relief under 28 U.S.C. § 2254 unless he has completely exhausted his available state court remedies to the state's highest court.' " *Id.* at *14 (*citing Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (*quoting Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001)). Rather than dismiss certain claims the court deems unexhausted, however, a habeas court need not wait for exhaustion if it determines that a return to state court would be futile. *Id*. (*see Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001)). In circumstances where the petitioner has failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. *Id.* (*see Buell*, 274 F.3d at 34). To obtain a merit review of the claim, the petitioner must demonstrate cause and prejudice to excuse his failure to raise the claim in state court, or that a miscarriage of justice would occur were the habeas courts to refuse to address the claim on its merits. *Id.* (*citing Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (*citing Wainwright v. Sykes,* 97 S. Ct. 2497, 2506 (1977)).

It is unrefuted that Petitioner failed to present part of his first claim and all of his second and third claims to any state court. Specifically, Petitioner failed to assert on direct appeal, in an appeal to the Supreme Court or in a motion for post-conviction relief that: (1) trial counsel was unprepared for trial and did not listen to his suggestions as to questions or evidence; (2) his conviction was based on a lack of evidence; or (3) evidence was withheld. The state courts can no longer entertain claims that should have been presented in a direct appeal. Petitioner has failed to come forth with evidence that would excuse these failures to raise the claims in state court. These abandoned claims are not cognizable in federal habeas review.

Liberally construing Petitioner's third claim, the Magistrate finds the comment that "counsel

11

went along with whatever the state said" as a claim that trial counsel failed to object to numerous instances of alleged prosecutorial misconduct or the use of his post-*Miranda* silence as evidence of his guilt. The Magistrate will not address the general allegations that there were numerous instances of alleged prosecutorial misconduct as this claim is not defined; consequently, the conduct cannot be evaluated. Under these circumstances it is impossible to ascertain if trial counsel should have rendered an objection. The claim that is clearly defined is whether counsel erred by failing to object to the inference that Petitioner's post-*Miranda* silence was evidence of his guilt.

There is well-established precedent that because a *Miranda* warning of the right to remain silent implies that such silence would not later be used against a defendant, prosecutors may not refer to that silence at trial to infer guilt. *Doyle v. Ohio* 96 S. Ct. 2240, 2245 (1976). A limited exception has been recognized that permits reference to post-*Miranda* silence in cases of prior inconsistent statements by a defendant. *Id.* The general rule is that the state may not make use of a defendant's post-*Miranda* silence during trial. *Id.* However, the Supreme Court has determined that even if a *Doyle* violation is established, a federal habeas court may not grant the writ unless it is also shown that the violation had "a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abramson*, 113 S. Ct. 1710, 1721 (1993).

In determining whether the prosecutor's statement was an impermissible comment on Petitioner's right to remain silent, the Magistrate reviewed Detective Kelty's testimony and the prosecutor's closing argument. The trial transcript shows that the prosecutor elicited testimony from Detective John Kelty that he interviewed Petitioner on January 3 and January 10, 2006. Petitioner waived his *Miranda* rights prior to each interview and was forthcoming with alibi witnesses and explanations of his behavior (Docket No. 7, Exhibit 5, pp. 197, 198-199, 207-208 of 262). After his

arrest on March 10, 2006, Detective Kelty accused Petitioner of murdering Jamie White and when he confronted Petitioner with photographs, Petitioner exercised his right to remain silent (Docket No. 7, Exhibit 5, pp. 219-220 of 262).  In his closing, the prosecutor concluded that during the third interview, Petitioner missed an opportunity to present his explanation of the facts (Docket No. 7, Exhibit 6, pp. 150, 156 of 220).

      The Magistrate is persuaded that the prosecutor's summation of what transpired during these three occasions was not designed to show meaning from silence but to show the inconsistency in Petitioner's behavior and cast doubt on Petitioner's credibility.  Furthermore, Petitioner failed to make a persuasive argument that the comment made by the prosecutor had a substantial and injurious effect or influence in determining the jury's decision or that the comment undermined the outcome of the trial.  Failure to object to this isolated comment was not so serious as to denigrate counsel's performance below the objective standard of reasonableness.

## VI. CONCLUSION

      For these reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus, deny the Motion for Abeyance Order and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong  
United States Magistrate Judge

Date:   November 29, 2011

## VII.  NOTICE

      Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF

OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.